**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL HARMON MCLEMORE,<br><br>  Plaintiff,<br><br>v.<br><br>FATHER JOE'S VILLAGE and CITY OF SAN DIEGO,<br><br>  Defendants. | Case No.: 18cv1946-MMA (RBB)<br><br>**ORDER: GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**SUA SPONTE DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2); AND**<br><br>**DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3] |

Plaintiff Michael Harmon McLemore, proceeding *pro se*, has filed the instant action against Defendants Father Joe's Village and City of San Diego. Doc. No. 1. Plaintiff also moves for leave to proceed in this action *in forma pauperis* ("IFP"), and moves for appointment of counsel. Doc. Nos. 2, 3.

//

## MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Plaintiff's submission demonstrates that he lacks the financial resources to pay the costs of commencing this action. *See* Doc. No. 2. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. *Id.*

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

### 1. Legal Standard

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00. *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 1914(b)). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id.* In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

### 2. Analysis

Plaintiff's *pro se* complaint appears to allege claims under the Americans with Disabilities Act of 1990 ("ADA") and Title VI of the Civil Rights Act of 1964. Doc. No. 1 at 3. Plaintiff alleges that on October 12, 2017, Plaintiff interviewed and went through the process for "shelter check-in." *Id.* at 4. On October 15, 2017 at 6:30 p.m., he asked for shelter availability after an initial interview and numerous daily check-ins. *Id.* Plaintiff exited the shelter one Sunday evening because of "Defendant's request City of San Diego and Father Joe's Village after accumulating verifying information and placed in program of permanent housing management." *Id.* As a result, Plaintiff seeks "oversight of program for compliance with protocol," actual damages amounting to $451,200, and "exemplary punitive damages of [$]1,353,600." *Id.*

Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin in programs and activities receiving Federal financial assistance. 42 U.S.C. § 2000d. Here, Plaintiff's complaint is devoid of any facts regarding discrimination on the basis of race, color, or national origin or any facts

3

18cv1946-MMA (RBB)

relating to programs and activities receiving Federal financial assistance. *See generally*, Doc. No. 1. As such, the Court finds that Plaintiff fails to state a cognizable claim under Title VI of the Civil Rights Act of 1964.

"The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V)." *Hopkins v. Army*, No. 14-cv-01494-JD, 2015 WL 4574803, at *2 n.6 (N.D. Cal. July 29, 2015). Here, Plaintiff does not allege any facts indicating the nature of Plaintiff's disability or facts permitting the Court to determine which title of the ADA he alleges has been violated. *See* Doc. No. 1. As a result, Plaintiff has also failed to state a cognizable claim under the ADA.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to proceed IFP [Doc. No. 2] and **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice. Plaintiff must file an amended complaint, if any, on or before **September 24, 2018**. Failure to file an amended complaint on or before the deadline may result in this case being dismissed with prejudice. The Court also **DENIES** Plaintiff's motion for appointment of counsel as moot and without prejudice [Doc. No. 3].

**IT IS SO ORDERED**.

Dated: August 23, 2018

Hon. Michael M. Anello
United States District Judge